```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  1/5/2021

CLINTON ANDERSON,

                Plaintiff,

-against-

BHARATKUM PATHAK individually and as agent, servant and/or employee of FOMBRUN SEJOUR and YELLOW DOG LEASING, LLC, a Foreign Corp,

                Defendants.

20 Civ. 11005 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      Plaintiff, Clinton Anderson, brings this action seeking relief for personal injuries sustained in a motor vehicle accident as a result of Defendants' negligence. Compl., ECF No. 1. Plaintiff invokes the Court's subject matter jurisdiction by reason of diversity of citizenship, 28 U.S.C. § 1332. *Id.* ¶ 5. Plaintiff argues that venue is appropriate in this district "because Defendants are subject to personal jurisdiction in this judicial district and because there is no judicial district in which this action may otherwise be brought." *Id.* ¶ 6.

      For the purposes of venue, a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

      As far as the Court is aware, Defendants Pathak and Sejour are not residents of the Southern District of New York. 28 U.S.C. § 1391(c)(1). Additionally, Plaintiff alleges that

Defendant Yellow Dog Leasing, LLC maintains its "principal place of business" in Queens County.  Compl. ¶ 4.  If Yellow Dog Leasing, LLC is, indeed, a limited liability company, as its name would imply, then the complaint must allege the citizenship of natural persons who are members of the limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company.  Without such information, Plaintiff has not demonstrated that venue is proper in this district under § 1391(b)(1).

Additionally, Plaintiff alleges that the injury and the events giving rise to this action occurred in Queens County, Compl. ¶ 20, indicating that venue is not proper in this district under § 1391(b)(2).  For these reasons, and "in the interest of justice," the Court is inclined to transfer this case under 28 U.S.C. § 1406 to the United States District Court for the Eastern District of New York.  *See* 28 U.S.C. § 112 ("The Eastern District comprises the counties of Kings, Nassau, [and] Queens . . . .").

The Court hereby ORDERS Plaintiff to amend his pleading to allege the citizenship of each constituent person or entity by **January 19, 2021**.  *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998)); *Strother v. Harte*, 171 F. Supp. 2d 203, 205 (S.D.N.Y. 2001) ("For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members.").  If Plaintiff fails to amend within the time allowed, or fails to show that venue is proper in the Southern District of New York and that the action should not be transferred in the interest of justice, the Court shall transfer this case to the United States District Court for the Eastern

District of New York.

SO ORDERED.

Dated: January 5, 2021
       New York, New York

_____
ANALISA TORRES
United States District Judge