UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __5/3/2021__

CLINTON ANDERSON,

                    Plaintiff,

-against-

BHARATKUM PATHAK individually and as agent, servant and/or employee of FOMBRUN SEJOUR and YELLOW DOG LEASING, LLC, a Foreign Corp,

                    Defendants.

20 Civ. 11005 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    On December 29, 2020, Plaintiff, Clinton Anderson, filed this action seeking relief for personal injuries sustained in a motor vehicle accident as a result of Defendants' negligence. Compl., ECF No. 1. Plaintiff invokes the Court's subject matter jurisdiction by reason of diversity of citizenship, 28 U.S.C. § 1332. *Id.* ¶ 5. On January 5, 2021, the Court notified Plaintiff that he did not adequately allege the citizenship of Defendant Yellow Dog Leasing, LLC, and ordered him to amend his pleading to allege the citizenship of each constituent person or entity by January 19, 2021. ECF No. 3. Plaintiff failed to respond to that order.

    On March 22, 2021, Plaintiff moved for leave to amend his pleadings "to include citizenship with respect to each party." ECF No. 7. In his request, Plaintiff did not include the citizenship of natural persons who are members of Yellow Dog Leasing, LLC and the place of incorporation and principal place of business of any corporate entities who are members of Yellow Dog Leasing, LLC. *See id.* On March 24, 2021, the Court issued another order asking Plaintiff to state the "citizenship of natural persons who are members of Yellow Dog Leasing, LLC and the place of incorporation and principal place of business of any corporate entities who are members of Yellow Dog Leasing, LLC." ECF No. 10. On March 29, 2021, Plaintiff again failed to identify the members of Yellow Dog Leasing, LLC. ECF No. 11 ¶ 3 (listing two corporate addresses for Yellow Dog Leasing, LLC). On April 16, 2021, the Court issued another order informing Plaintiff that "he must allege the citizenship of natural persons who are members of the limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company, in order to establish that the Court has subject matter jurisdiction by reason of diversity of citizenship." ECF No. 12. The Court also warned Plaintiff that if he failed "to respond within the time allowed, then the complaint will be dismissed for lack of subject matter jurisdiction." *Id.* On April 30, 2021, Plaintiff again failed to identify the members of Yellow Dog Leasing, LLC. ECF No. 19 ¶ 3 ("Defendant YDL is a resident of the State of Delaware").

    Accordingly, the first amended complaint is DISMISSED without prejudice for lack of subject matter jurisdiction. *See Laufer Wind Grp. LLC v. DMT Holdings LLC*, No. 10 Civ. 8716, 2010 WL 5174953, at *2 (S.D.N.Y. Dec. 20, 2010) (dismissing an action *sua sponte* for lack of subject matter jurisdiction); *In re Bank of Am. Corp. Sec., Derivative, & ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. Aug. 27, 2010) ("Because [plaintiffs] have not alleged the citizenship of

each of the [LLC's] members, they have not alleged facts sufficient to invoke this Court's subject matter jurisdiction by reason of diversity of citizenship.").

The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: May 3, 2021
      New York, New York

_____
ANALISA TORRES
United States District Judge